NELSON, Respondent, vs. BALLESTAD, Executor, Appellant.

*February 11—March 9, 1920.*

*Executors and administrators: Claims against decedents: Evidence: Testimony as to value of services by claimant unfamiliar with customary price: Appeal: Harmless error.*

1. In an action against a decedent's estate for services rendered decedent and his wife by their niece, the niece could testify to the value of her services though she testified also that she was not familiar with the value of such services in the neighborhood.
2. Where the amount found for the niece was greatly in excess of an amount testified to by a witness as what she paid her own servant, any error in the admission of such testimony was not prejudicial.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

The plaintiff is a niece of Christen Ballestad and his wife, who resided on a farm in Manitowoc county. In 1903, when Mrs. Ballestad was sixty-six years of age and Mr. Ballestad was seventy-three years of age, the plaintiff commenced working for them upon their farm. They continued to work the farm for three years, and after that it was rented, but they kept two cows, a horse, and some chickens. Mrs. Ballestad died April 13, 1915, having been ill about four months. Mr. Ballestad remained in fairly good health until January 26, 1916, when he had a stroke of apoplexy, and died February 1, 1918, in the meantime being practically helpless. The plaintiff filed a claim against the estate of Mr. Ballestad for services rendered between February 1, 1912, and February 1, 1916, four years, $1,500, and for services rendered between February 1, 1916, and February 1, 1918, two years, $1,500. It was the claim of the administrator that the plaintiff had agreed to work for $2 per week, and that she had been fully paid for her services up to the 1st day of January, 1916. There was a trial in the county court, and the county judge found that she had been paid up to January 1, 1916, and allowed her

$1,260 for services rendered after that time.    Both parties appealed to the circuit court.    There was a jury trial in the circuit court, and by special verdict the jury found (1) that it was not agreed between the plaintiff and Mr. Ballestad in the year 1903 that her services to him should be for the sum of $2 per week; (2) that the reasonable value of the services from February 1, 1912, to February 1, 1916, was $1,456; (3) that the plaintiff had not been paid in full up to the end of the year 1915; (4) that the value of her services for the two years commencing February 1, 1916, and ending February 1, 1918, was $1,508.    There were motions to set aside the verdict.    The circuit court held that the verdict was not perverse, but held the verdict excessive, and ordered a new trial unless the plaintiff should remit $500.    The *remittitur* was duly filed and judgment taken for $2,464, with interest and costs, from which the defendant appeals.

For the appellant the cause was submitted on the brief of *Hougen, Brady & Meyer* of Manitowoc.

*E. L. Kelley* of Manitowoc, for the respondent.

ROSENBERRY, J.    The principal contention of the defendant is that the first and third findings of the jury are against the clear weight of the evidence, and that the verdict is not supported by any competent evidence.    The determination of the questions presented requires a careful examination of the record.    Without attempting to set forth the facts disclosed in the record in detail, we are of the opinion that there is evidence to support the verdict of the jury, and the same cannot be set aside on the ground that there is no credible evidence upon which it may rest.

It is further urged that the court erred in permitting the plaintiff to testify as to the value of her services, particularly in view of the fact that she testified that she did not know the customary price of such services.    A party may testify to the value of services rendered by him, even though

he is not familiar with the value of that kind of services in the neighborhood. Wigmore, Evidence, § 715, and cases cited. It is claimed that the court erred also in admitting the testimony of one Ida Nelson to the effect that she paid her own servant $3.50 per week. The amount found by the jury was so largely in excess of the amount testified to by Mrs. Nelson that the question whether or not the admission of the testimony was erroneous does not arise, as under no circumstances could it have been prejudicial.

*By the Court.*—Judgment affirmed.